UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARNER DOUGLAS WILLIAMS,   )
                           )
        Petitioner,        )
                           )
    v.                     )   Civil Action No. 07-114 (JDB)
                           )
ALBERTO GONZALES, *et al.*,)
                           )
        Respondents.       )

## MEMORANDUM OPINION

Petitioner currently is incarcerated at a Federal Correctional Institution in Oakdale, Louisiana. Generally, he challenges the jurisdiction of the United States District Court for the Western District of Louisiana over his criminal case, and defense counsel's failure to raise this issue. Challenges to the jurisdiction of the federal court imposing sentence and attacks on the constitutionality of a federal prisoner's conviction both properly are raised in a motion to vacate, set aside or correct the sentence under Section 2255. See Taylor v. United States Bd. of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

1

28 U.S.C. § 2255 (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

The Court will dismiss the petition. An Order consistent with this Memorandum Opinion is issued separately on this same date.

                                                  /s/  
                                          JOHN D. BATES  
                                          United States District Judge

Date: January 31, 2007