UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WARNER DOUGLAS WILLIAMS

    Petitioner,

v.

ALBERTO GONZALES, ET AL,

    Respondents.

CASE NUMBER   1:07CV00114

JUDGE   J.D.B.

## MOTION FOR RECONSIDERATION ON MEMORANDUM OPINION AND ORDER

**NOW COMES**, Warner Douglas Williams, Petitioner, pro-se, in want of counsel, (hereinafter "Petitioner"), and moves this Honorable Court to reconsider it's earlier judgment for dismissal of Petitoner's §2241 and dismissal of 'Judicial Notice' as moot, for the following reasons:

1. Upon review this court argues taht Petitioner should have pursueed this matter in the sentencing court by motion under §2255. See, <u>Taylor v United States Board of Parole</u>, 194 F.2d 822, 833 (D.C. Cir. 1952)(§2255 motion is the proper vehicle for challenging the constitutionality of the statute under which a defendant is convicted); <u>Ojo v. Immigration & Naturalization Service</u>, 106 F.3d 680, 683 (5th Cir. 1997)(Sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occured before or during sentencing). Under the statute.

    An application for a writ of habeas coprus is n behalf of a prisoner
    who is authorized to apply for relief by motion pursuant to [§2255]

///// - 1

shall not be entertained if it appears that the applicant has failed to apply for [§2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.  Also see, **Blackledge v. Allison**, 431 U.S. 63, 74, 97 S.Ct. 1621, 52, L.Ed.2d 136 (1971).

Subsection §2255, of Title 28 of the United States Code, is inapplicable and without the force or effect of law where it is shown not to have been enacted by Congress, into Federal law.  The Congressional Record, Vol. 94, Part-7 (June 18, 1948 to June 19, 1948) pg. 8229-9169, and Vol. 94, Part-8 (July 28, 1948 to December 31, 1948) pg. 9353, reveal that Congress was not assembled in session on the date(s) that Title 3, 5, 18, 21, and 28 are purported to have been enacted into law by Congress.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive Tribunal, without Article III judicial authority.  This assertion is supported by consulting Supreme Court Rule 45, the Revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, **Balzac v. Porto Rico**, (1922), and **Mookine v. United States**, (1938).  Thus, not authorized to entertain the cause not before the court.

The court, in similar matters (Common Law Writ of Habeas Coprus), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter.

///// - 2

Thereby the sustainment of an unlawful conviction and term of imprisonment via subterfuge and non-compliance with the law ( A Malum in Se Crime?) whereby the accused/petitioner is deprived a remedy in law to redress a grievance.

It is the foregoing, and following reasons that the Petitioner has brought his instant cause **under the common law Writ of Habeas Coprus**, and invoked the venue and jurisdiction of an Article III, Constitutional Court.

It is therefore incumbent upon this Court, in the interest of justice, by and through this Judicial Notice, [provided to the Court with original filing of §2241], as a neutral party between both Petitioner and Respondents', upon its own motion to Order this matter to remain in the United States Dsitrict Court of the District Court of Columbia, and to issue an ORDER TO SHOW CAUSE to the Respondents why a **WRIT OF HABEAS CORPUS** should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Dated: March 23       , 2007         Respectfully submitted by:

*[signature: Warner Douglas Williams]*

Warner Douglas Williams/ Pro-Se
Reg: 11314-035
Federal Correctional Institution
P.O. Box 5000
Oakdale, Louisiana
              71463-5000

///// - 3

CERTIFICATE OF SERVICE AND/OR MAILING

CASE NAME: WARNER DOUGLAS WILLIAMS v. ALBERTO GONALES, ET AL,
CASE NUMBER: 1:07 CV 00114 Judge J.D.B.

I, the undersigned, hereby afferm that on this **23** day of **March 23**, 2007. I deposited in the receptacle for the United States mail, provided for inmates at this Institution, first class postage prepaid, in a sealed envelope to:

Solicitor General of The United States
U.S. Department of Justice
Constitution Ave. + 10th Street, N.W.
Washington, DC 20530-0001
c/o Paul D. Clement - ACT.

RECEIVED
MAR 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A true and correct copy of the attached documents identified as follows:

MOTION FOR RECONSIDERATION ON MEMORANDUM OPINION AND ORDER

In accordance with <u>Houston v. Lack</u> 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct and this declaration was executed on _____, **March 23, 2007** At Oakdale, Louisiana.

_Warner Douglas Williams_